UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CYNTHIA THOMAS					CIVIL ACTION NO. 14-cv-2349

VERSUS						JUDGE FOOTE

SOCIAL SECURITY ADMINISTRATION		MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Cynthia Thomas ("Plaintiff") filed applications for social security disability benefits and supplemental security income. Her claims were denied at the Agency level, and she filed this judicial complaint to seek review of that decision. Before the court is the Commissioner's Motion to Dismiss or For Summary Judgment (Doc. 9) on the grounds that the complaint is untimely. For the reasons that follow, it is recommended the motion be granted.

Plaintiff filed her applications with the Agency in 2011 and 2012. An administrative law judge issued an unfavorable decision, and the Appeals Council issued a notice on February 20, 2014 that it declined to review the ALJ's decision. That was the final step in the administrative process, and it made the Commissioner's decision final.

Generally, a claimant has 60 days to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). That period runs from the date the claimant received notification of the decision. There is a rebuttable presumption that notice is received five days after it is mailed by the Commissioner to the claimant. Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997).

The Commissioner has submitted evidence that the final decision of the Appeals Council was mailed on February 20, 2014. Plaintiff is, therefore, presumed to have received the notice on February 25, 2014, and the 60-day period for filing this appeal ended April 26, 2014. As the notice from the Appeals Council explained, the regulations allow a claimant to ask the Appeals Council to extend the time to file a civil action, but the Commissioner represents that Plaintiff did not make such a request. Plaintiff filed her complaint with this court on July 21, 2014, which was 86 days after her deadline.

The Commissioner's motion was noticed for briefing. Plaintiff's only response was a letter (Doc. 12) in which she asked that the motion be "revoked" because she was sending information to support her claim that she is impaired by mood disorder, dyslexia, and memory loss. Her letter did not respond in any way to the assertion that her complaint is untimely.

The Commissioner has met her burden of demonstrating that this action is untimely, and Plaintiff has not presented facts that would warrant equitable tolling or any available exception to the timeliness requirement. The notice from the Appeals Council explained in plain language the deadline for filing a civil action and asking for court review, but Plaintiff did not take timely action. Plaintiff's complaint is time barred and must be dismissed despite her assertions that she meets the substantive requirements for disability. Flores v. Sullivan, 945 F.2d 109 (5th Cir. 1991) (affirming dismissal when complaint filed approximately seven days late) and Fletcher v. Apfel, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment when complaint filed one day late).

Accordingly,

IT IS RECOMMENDED that the Commissioner's Motion to Dismiss or For Summary Judgment (Doc. 9) be granted and that Plaintiff's complaint be dismissed with prejudice because it is time barred.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of July, 2015.



Mark L. Hornsby
U.S. Magistrate Judge